[No. 3728.]

DICK COON *v.* THE STATE.

PRACTICE—PLEADING—CASE STATED.—When the case was called for trial, the defense asked for time in which to prepare and file a plea of former conviction. The trial court awarded fifteen minutes, to which the defense objected as insufficient time. whereupon the court ordered the trial to proceed. After a part of the State's evidence was introduced, the defendant's counsel announced that the plea of former conviction was complete, and offered to read the same to the jury. The trial court, upon the motion of the State, struck out, and refused to entertain the plea, and the defendant excepted. *Held*, error; and that, under the circumstances of the case, more time should have been granted the defendant to prepare his plea, and further, that the same should have been entertained and tried upon *its merits.*

APPEAL from the County Court of Burnet. Tried below before the Hon. J. A. Crews, County Judge. .

The conviction in this case was for exhibiting in Burnet county, Texas, on the twentieth day of February, 1884, a gaming bank, the penalty imposed being a fine of twenty-five dollars.

The defendant's special plea in bar, caption omitted, reads as follows:

"Now comes defendant in above cause, and for special plea in bar, herein says that the State ought not further to prosecute this cause against him, because he says that heretofore, to-wit: on the twenty-ninth day of May, A. D. 1884, in the district court of Burnet county, Texas, there was duly and legally presented and filed, in said court, a valid indictment, as follows, to-wit: 'In the name and by the authority of the State of Texas: The grand jurors of Burnet county, in said State, duly elected, tried, sworn, and charged at the May term, A. D. 1884, of the district court of said county, on their oaths in said court, do present: That Dick Coon, in the county of Burnet and State of Texas, heretofore, to-wit: on or about the twentieth day of April, 1884, with force and arms, did then and there unlawfully keep and exhibit, for the purpose of gaming, a certain gaming bank; against the peace and dignity of the State.

'A. M. RAMSEY,
'Foreman of the grand jury.'"

"That, at the time of the presentment of the above indictment, there were three other indictments presented and filed in said district court against said defendant, charging him with the same offense, in the same language as above stated. That said indictments were numbered respectively as follows: 1633, 1634, 1635, and 1636, and each of said indictments was filed in said district court on the twenty-ninth day of May, 1884. And on the twenty-fifth day of November, 1884, the accusations in indictments Nos. 1633, 1634, and 1635 were legally tried upon their merits in the said district court, and three judgments of conviction, as follows, to-wit: 'Now, on this twenty-fifth day of November, 1884, this case being called for trial, came the State of Texas, by the district attorney, and the defendant, in person and by attorney, and the defendant, waiving a jury, entered a plea of guilty as charged in the indictment, and submitted his case to the court, assessed a fine against said defendant. It is therefore ordered, adjudged, and decreed by the court that the State of Texas also have and recover of and from the defendant, Dick Coon, the sum of twenty-five dollars as a fine, and all costs of this prosecution. It is further ordered by the court that the said defendant be committed to the county jail until the said fine and costs of this prosecution are fully paid;' which said judgments remain in full force and effect, and not in the least reversed or made void, and was a judgment of a court of competent jurisdiction; and the said Dick Coon in fact saith that he, the said Dick Coon, so accused and convicted as last aforesaid, are one and the same person, and not other and different persons, and the offense of which the said Dick was so convicted as aforesaid, and the offense charged against him in the indictment herein, and for which he is now being prosecuted, is one and the same transaction and offense, and not other and different transactions and offenses; and this he, the said Dick Coon, is ready to verify, wherefore he prays the judgment of the court, etc.

"R. S. Coon."

"Sworn to and subscribed before me, this second day of February, 1886.

"D. L. Luce,
Clerk of County Court, Bee county, Texas."

The defendant's first bill of exception, the caption omitted, reads as follows:

"Be it remembered that, on the second day of February, 1886, on the trial of the above styled and numbered caused, and when the case was reached on the docket and called for trial, the attorney for the defendant, M. A. Martin, Esq., requested of the court, time in which to file a plea of former conviction, whereupon the court granted the request of counsel, restricting the time allowed for the drawing of the said plea to fifteen minutes; to which action of the court the defendant then and there excepted, for the following reasons, to-wit: First, Because the first counsel employed by defendant was absent, and M. A. Martin was only employed by defendant some thirty minutes before the case was called for trial, and on account of professional duties, was unable to prepare the plea for former conviction before the case was called for trial.

"Second. Because the period of fifteen minutes was too short a time in which to limit the preparation of such plea. And defendant now here tenders this bill of exception, and asks that the same be signed, and filed as a part of the record in this case."

Endorsed: "Examined, approved, and signed by me, and ordered filed as a part of the record in this cause, this fourth day of February, A. D. 1886, with this explanation: The defendant had the time from term to term of court to prepare his pleas; had fifteen minutes allowed him by the court to prepare his plea, and said plea was not filed by defendant till the testimony of the State was closed.

> "J A. CREWS,
> "County Judge, Burnet county, Texas."

The second bill of exception reads as follows:

"Be it remembered, that on the second day of February, 1886, the above styled and numbered cause was called for trial, and the defendant, Dick Coon, in open court presented and attempted to read to the jury the following plea of former conviction (setting out at length the said plea as herein before copied). Whereupon the court, on the motion of the county attorney, refused to allow said defendant to read said plea to the jury, and required the defendant to proceed with the trial of the cause, to which decision and order of the court the defendant then and there excepted," etc.

The motion for new trial raised the questions discussed in the opinion.

*R. H. Ward,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for keeping and exhibiting a certain gaming bank, for the purpose of gaming.

When the case was called for trial counsel for defendant stated to the court that he desired to interpose a plea of former conviction. The court allowed him only fifteen minutes in which to prepare said plea. To this the defendant excepted, claiming that it would require more time to properly prepare said plea. The court ordered the trial to proceed, and, after some portion of the State's evidence was in, counsel for defendant, the plea being prepared, filed and offered to read the same to the jury, whereupon the county attorney moved to strike it out, which motion was sustained, and defendant excepted.

We are of the opinion that, under the circumstances, counsel for appellant should have been given more time; and we are also of the opinion that the plea should have been entertained by the court, allowed to be read to the jury, and tried upon its merits.

.                                    *Reversed and remanded.*